UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| JP MORGAN CHASE BANK, | No. C 12-4378 MEJ |
| Plaintiff, | **ORDER FOR CLERK OF COURT TO REASSIGN CASE** |
| v. | |
| ARMEN JALALIAN, et al., | **REPORT & RECOMMENDATION** |
| Defendants. / | |

On August 20, 2012, Defendants Armen and Susan Jalalian removed this unlawful detainer action from San Mateo County Superior Court. However, as it appears that jurisdiction is lacking and the case should be remanded to state court, the Court ordered Defendant(s) to show cause by September 28, 2012, why this case should not be remanded. Dkt. No. 7. Defendants filed a response on September 27, in which they argue that diversity jurisdiction exists. Dkt. No. 8.

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions where the suit is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* at 566. Further, a district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter

jurisdiction.  28 U.S.C. § 1447(c).

Here, the face of the complaint, which asserts only one state law claim for unlawful detainer, does not provide any ground for removal.  An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law.  *Wells Fargo Bank v. Lapeen*, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010).  Further, while Defendants allege that diversity jurisdiction exists, Plaintiff brought this action in California, as the property at issue is located in the state.  Where diversity is cited as a basis for jurisdiction, removal is not permitted if a defendant in the case is a citizen of the state in which the plaintiff originally brought the action, even if the opposing parties are diverse.  28 U.S.C. § 1441(b).  Moreover, the amount in controversy requirement does not appear to be met because the damages claim in this case is under $10,000.  In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the "whole amount of damages claimed" must be "twenty-five thousand dollars ($25,000) or less."  Cal. Civ. Pro. § 86(a)(4).  Under 28 U.S.C. § 1332(a), a district court has original jurisdiction over civil actions only where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Finally, an anticipated federal defense or counterclaim is not sufficient to confer jurisdiction. *Franchise Tax Bd. of Ca. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994).  "A case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint."  *ARCO Envtl. Remediation, LLC v. Dept. of Health and Envtl. Quality of the State of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000); *see also Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.").  Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act ("PTFA"), Pub.L. No. 111–22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal.  *See e.g. Aurora Loan Services, LLC v.*

2

*Montoya*, 2011 WL 5508926, at *4 (E.D.Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D.Cal. Nov.19, 2010); *Wescom*, 2010 WL 4916578, at 2–3; *Aurora Loan Services, LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D.Cal. March 29, 2010).

Thus, as jurisdiction appears to be lacking,, the Court finds that the burden of demonstrating grounds for jurisdiction has not been met. Based on this analysis, the Court finds it appropriate to remand this case. As Defendants have not consented to the undersigned's jurisdiction, the Court ORDERS the Clerk of Court to reassign this case to a district judge with the recommendation that this case be remanded to San Mateo County Superior Court. The order to show cause hearing is VACATED.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED & RECOMMENDED.**

Dated: October 2, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JP MORGAN CHASE BANK

        Plaintiff,

  v.

ARMEN JALALIAN

        Defendant.

Case Number: 12-04378 MEJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 2, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Armen Jalalian
Susan Jalalian
1 Reids Roost Road
Woodside, CA 94062

Dated: October 2, 2012

        Richard W. Wieking, Clerk
        By: Rose Maher, Deputy Clerk

4